```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHARIFA GUZMAN,                                           :
                                                          :
                        Plaintiff,                        :
                                                          :
            -against-                                     :    SUMMARY ORDER OF REMAND
                                                          :         24-cv-3740(DLI)(SJB)
FEDEX GROUND PACKAGE                                      :
SYSTEM, INC. d/b/a FEDEX,                                 :
                                                          :
                        Defendant.                        :
----------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

On February 16, 2024, Sharifa Guzman ("Plaintiff") filed a complaint in New York State Supreme Court, Kings County under Index Number 504920/2024, against her former employer, FedEx Ground Package System, Inc. d/b/a FedEx ("Defendant"), seeking injunctive and monetary relief arising out of alleged discrimination and retaliation she faced after reporting that her supervisor sexually harassed her. *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1 ¶ 1; Complaint ("Compl."), Dkt. Entry No. 1-1 ¶¶ 25–101. Plaintiff alleges state law claims pursuant to the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Compl. ¶¶ 69–101. Defendant was served with the Summons and Complaint on April 25, 2024. Notice ¶ 2.

On May 23, 2024, Defendant removed this action invoking this Court's subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. *See*, Notice ¶ 7. On May 31, 2024, the Court ordered Defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction, as the allegations in the Complaint and Notice were insufficient to satisfy the amount in controversy requirement. Defendant responded to the Court's Order on June 14, 2024. Def's. Response, Dkt. Entry No. 8. For the reasons set forth below, this case is

remanded to state court *sua sponte* for lack of subject matter jurisdiction.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court to remand a case *sua sponte* at any time upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Second Circuit repeatedly has cautioned district courts to construe the removal statute narrowly, resolving any doubts against removability. *In re Fosamax Prods. Liab. Litig.*, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See*, *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1332(a), the removing party must establish that: (1) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest; and (2) there is complete diversity of citizenship of the parties. *Id*. Here, the Court finds that Defendant has failed to meet its burden of establishing the threshold amount in controversy, warranting remand.

A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union,*

*Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  This reasonable probability must be based on, "*plausible factual allegations* — either in the underlying state court complaint or in the defendant's notice of removal — supporting a determination that the value of the claim exceeds $75,000." *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019).  Accordingly, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).  Here, Defendant has not established that the amount in controversy requirement is met and, thus, has not established this Court's subject matter jurisdiction.

As discussed in the Court's Order to Show Cause, the Notice asserts, in conclusory fashion, that "[t]he amount in controversy plausibly exceeds $75,000" because: (1) "Plaintiff's [claims] . . .allow[] for uncapped compensatory damages"; (2) Plaintiff seeks attorney's fees and economic, compensatory, and punitive damages; and (3) courts have awarded or affirmed damages awards ranging from $30,000 to $125,000 for emotional distress in other cases.  Notice ¶¶ 10–13.  However, the Notice and Complaint fail to provide the amount of compensatory or economic damages sought, and do not explain why the claims *here* plausibly exceed $75,000.  *See*, *Mariano v. 61-63 Bond St. F&B*, 2023 WL 2329854, at *4 (E.D.N.Y. Mar. 2, 2023) (Irizarry, J.) (amount in controversy was not satisfied where Plaintiff alleged that NYCHRL claims generally "merit $30,000.00 to $125,000.00 awards").  Similarly, the Court declines to consider Plaintiff's claims for punitive damages and attorney's fees in assessing the amount in controversy, as the parties have not assigned any value to them.  *Id.* at *5.

3

Defendant's response to the Order to Show Cause fares no better. In response to the Court's concerns regarding the parties' failure to allege the amount of damages sought, Defendant attached an email from Plaintiff's Counsel stating simply that she "will be seeking more than $75,000." May 31, 2024 Order; Emails, Dkt. Entry No. 8-1 at 2. This assertion is just as conclusory as the allegations in the Notice and Complaint, and such bald allegations plainly do not satisfy the amount in controversy requirement. *Elome*, 2021 WL 4480456 at *2 ("Without a non-speculative amount in controversy clearly alleged, defendants' removal of this case was premature.").

Moreover, Defendant's citation to three jury awards in excess of the jurisdictional threshold, only one of which was in this District, is insufficient to establish a "reasonable probability" that the claims exceed $75,000 here. *See*, Def's. Response at 1–2; *See also*, *Bercy v. Am. Airlines, Inc.*, 2011 WL 2490716, at *2 (E.D.N.Y. June 22, 2011) (existence of jury awards exceeding the jurisdictional amount is just one factor the Court may consider). This deficiency is particularly damaging in light of awards in similar cases that fall *below* $75,000. *Munson v. Diamond*, 2017 WL 4863096, at *8 (S.D.N.Y. June 1, 2017) (explaining that courts have awarded emotional distress damages in the range of $15,000 based on testimony that a hostile work environment caused the plaintiff to experience stress, anger, sadness, and frustration and that the plaintiff suffered from depression, panic attacks, headaches, nausea, loss of appetite, hives, and severe insomnia even after her employment was terminated) (citing *Jowers v. DME Interactive Holdings, Inc.*, 2006 WL 1408671 (S.D.N.Y. May 22, 2006) (collecting cases)). In sum, Defendant expects the Court to engage in sheer speculation based solely on what plaintiffs have recovered in three other cases.

4

## CONCLUSION

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 504920/2024, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
       September 10, 2024

                                                   /s/
                                     DORA L. IRIZARRY
                               United States District Judge